UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLY WAYNE EVANS, JR.<br>8015 Blue Heron Parkway<br>Scott, AR 72142-9066<br><br>*Plaintiff,*<br><br>v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br>Washington, D.C. 20505<br><br>*Defendant.* | Civil Action No. 23-1888 |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Billy Wayne Evans, Jr. is a citizen of the United States of America and resident of the State of Arkansas. Plaintiff has made a request for records about himself and the Defendant has violated the Freedom of Information Act (FOIA) as is more clearly described below.

2. Plaintiff brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et. seq., by the Central Intelligence Agency (hereinafter "CIA" or "Defendant") in failing to provide Plaintiff with all non-exempt records responsive to his FOIA request, seeking records from the CIA.

## II.  JURISDICTION

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III.  VENUE

4. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

5. Plaintiff is a citizen of the United States of America and of the State of Arkansas.

6. Defendant CIA is a federal agency of the United States, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

7. FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

8. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

9. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

10. Pursuant to FOIA, this Court may assess attorneys' fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## PLAINTIFF'S FOIA REQUEST

11. On November 14, 2022, Plaintiff mailed, by his counsel, a request to Defendant, using certified mail return receipt requested. The United States Postal Service provided receipt number 7018 - 2290–0000–7698–1657. Attached and made a part of this Complaint is Exhibit 1, Plaintiff's Request.

12. On November 28, 2022 Defendant sent Plaintiff's counsel a letter, informing Plaintiff that Defendant received Plaintiff's request on November 22, 2022 and assigned it reference number P-2023-00125. Attached and made a part of this Complaint is Exhibit 2, CIA Acknowledgment Letter.

13. In a letter from the CIA to Plaintiff's counsel dated May 1, 2023, Defendant decided that Plaintiff's request is denied and informed Plaintiff that he had 90 days to submit an administrative appeal.  Attached and made a part of this Complaint is Exhibit 3, CIA Final Response Letter.

14. On May 17, 2023 Plaintiff mailed an administrative appeal. Attached and made a part of this Complaint is Exhibit 4, Plaintiff's Administrative Appeal and the postal tracking receipts which show Defendant received this request on May 22, 2023.

15. Defendant issued an acknowledgement of the administrative appeal which it received on May 23, 2023. The acknowledgement is attached and made part of this Complaint as Exhibit 5.

16. More than 20 working days have elapsed since Defendant received Plaintiff's administrative appeal and Defendant has not issued a final response.

17. Defendant has not provided records to Plaintiff as required by law.

18. Plaintiff presents this matter to this Court for de novo judicial review.

19. Plaintiff has been required to retain counsel and seeks reasonable costs and attorneys' fees for the work required in this judicial review.

## CLAIM FOR RELIEF

20. Plaintiff realleges and incorporates by reference all of the preceding paragraphs.

21. Plaintiff has been and will continue to be irreparably harmed until Defendant is ordered to conduct an adequate search for records and release all non-exempt records, responsive to Plaintiff's requests as described by preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order Defendant to adequately search for and then release all non-exempt records, responsive to Plaintiff's request described in this Complaint;

(2) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action pursuant to 5 USC § 552(a)(4)(E)(i); and

(3) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully submitted this 29th day of June, 2023.

/s/  C. Peter Sorenson

C. Peter Sorenson
DC Bar No. 438089
SORENSON LAW OFFICE
PO Box 10836
Eugene, Oregon 97440
541-606-9173
peter@sorensonfoialaw.com

**Attorney for Plaintiff**